

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>       Plaintiff,<br><br>       v.<br><br>Samuel LIERA-Esquer<br><br><br>              Defendant | )  Mag. Case No. '08 MJ 8636<br>)  COMPLAINT FOR VIOLATION OF:<br>)<br>)  Title 8, U.S.C., Section 1324<br>)  (a)(1)(A)(ii) -Illegal Transportation of<br>)  Alien(s)<br>)<br>)<br>)<br>) |

The undersigned complainant, being duly sworn, states:

On or about July 11, 2008, within the Southern District of California, defendant Samuel LIERA-Esquer, with the intent to violate the immigration laws of the United States, knowing and in reckless disregard of the fact that aliens, Ventura VARGAS-Ruiz, Victor PADILLA-Arellano and Juan PADILLA-Arellano had come to, entered or remained in the United States in violation of law, did transport or move, said aliens within the United States in furtherance of such violation of law; in violation of Title 8, United States Code, Section 1324(a)(1)(A)(ii).

And the complainant states that this complaint is based on the attached statement of facts which, is incorporated herein by reference.

                                    Senior Border Patrol Agent

SWORN TO BEFORE AND SUBSCRIBED IN MY PRESENCE THIS 14th DAY OF JULY 2008.

                                    Peter C. Lewis
                                    United States Magistrate Judge

DEFENDANT: Samuel LIERA-Esquer

I, Senior Border Patrol Agent Mikuski declare under penalty of Perjury, the following is true and correct:

## PROBABLE CAUSE STATEMENT

The complainant states that this complaint is based upon investigative reports that on July 12, 2008 the defendant, Samuel LIERA-Esquer a citizen of Mexico and current United States Legal Permanente Resident, was apprehended near Calexico, California, along with (3) three undocumented aliens from Mexico, in violation of law.

At approximately 9:30 p.m., Agent's Templin was performing his duties near the Calexico California East Port of Entry (POE) when he saw a vehicle, a black-colored Acura sedan, he recognized from a pervious encounter in the same area. Agent Templin monitored the Acura as it proceeded in the southbound lanes of the POE. The Acura stopped on the side of the lanes near a location known to agents as the "ponds". Agent Templin observed three individuals come out of the brush, jump a chain link fence and board the Acura. The Acura did a U-turn and headed north in the northbound lanes of the POE. When the Acura performed the U-turn it almost collided with other vehicles because the driver, later identified as Samuel LIERA-Esquer, failed to stop at a posted stop sign before pulling into the northbound lanes. Agent Templin followed the Acura north away from the border. As Agent Templin followed the Acura he noticed three individuals in the Acura ducking down from view.

Using the emergency equipment on his Border Patrol Vehicle, Agent Templin attempted to stop the Acura. LIERA failed to yield to Agent Templin. A controlled tire deflation device was successfully deployed against the Acura, but LIERA still failed to stop the Acura. After approximately one mile late LIERA stopped the Acura. Agent Templin was in a position to continually monitor the driver's area of the Acura and could see no one exchanging or moving from the driver's seat. Agent Templin approached the driver of the Acura and identified LIERA still seated in the driver's seat, hands on the steering wheel and engine still running. Agent Templin questioned LIERA and determined he is a citizen of Mexico, with a United States Legal Permanente Resident card. Agent R. Platt questioned the three passengers in the Acura and determined them to be citizens of Mexico illegally in the United States. LIERA and the three passengers were placed under arrest.

At the station, Agent M. Izzaguirre witnessed Agent Platt read LIERA his rights per Miranda. LIERA stated he understood his rights and was willing to talk with agents with an attorney present. LIERA stated he was driving the car and was to be paid $100 for each alien smuggled. LIERA stated he knew what he was doing was illegal.

Material Witnesses Ventura VARGAS-Ruiz, Victor PADILLA-Arellano and Juan PADILLA-Arellano all states they made arrangements in Mexico to be smuggled for between $2500 and $3000. They stated after illegally crossing the international boundary into the United States a car picked them up. They were shown a six pack photo line-up and they identified photo number three, LIERA, as the driver of the car.

The complainant states that the names of the Material Witnesses are as follows:

| NAME | PLACE OF BIRTH |
|---|---|
| Ventura VARGAS-Ruiz | Mexico |
| Victor PADILLA-Arellano | Mexico |
| Juan PADILLA-Arellano | Mexico |

Further, complainant states that Ventura VARGAS-Ruiz, Victor PADILLA-Arellano and Juan PADILLA-Arellano are citizens of a country other than the United

DEFENDANT: Samuel LIERA-Esquer

States; that said aliens have admitted that they are deportable; that their testimony is material, that it is impracticable to secure their attendance at the trial by subpoena; and they are material witnesses in relation to this criminal charge and should be held or admitted to bail pursuant to Title 18, United States Code, Section 3144.

Executed on July 12, 2008, at 10:05 AM.

_____
Michael Mikuski
Senior Border Patrol Agent

    On the basis of the facts presented in the probable cause statement consisting of 2 pages, I find Probable Cause to believe that the defendant named in this probable cause statement committed the offense on July 11, 2008, in violation of Title 8, United States Code, 1324.

_____        7/12/08 @ 10:14 am
Honorable Cathy A. Bencivengo              Date/Time
United States Magistrate Judge

TOTAL P.01